# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| Mark D. Hassakis<br>Hassakis & Hassakis, P.C.<br>206 South 9th Street<br>Post Office Box 706<br>Mt. Vernon, Illinois 62864<br>USA | Ministry of the Attorney General<br>Courts Administration<br>Court House (Provincial Division)<br>393 Main Street<br>Halleybury, Ontario, Canada P0J 1K0 |

The undersigned applicant has the honour to transmit - in duplicate - the documents listed below and, in conformity with Article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e, (identity and address):

**T.E.A.M. Logistics Systems, Inc.**
1295 Dickie Settlement Road, #3 & 4
Cambridge, Ontario N3H 4R8
Canada

[X] a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the Convention*.

[ ] b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of Article 5)*:

[X] c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of Article 5)*.

The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes* - with a certificate as provided on the reverse side.

Service is requested pursuant to Rule 4(c)(2), United States Federal Rules of Civil Procedure

List of documents:
Special Alias Summons; Complaint; Affidavit of Service of Summons Outside Illinois; Demand for Trial by Jury; Affidavit Pursuant to Supreme Court Rule 222(b)

Done at Mt. Vernon, Illinois USA, the 27th day of July 2009

Signature

Delete if inappropriate.

EXHIBIT 1

USM-94

## Certificate

The undersigned authority has the honor to certify, in conformity with article 6 of the Convention,
1) that the document has been served*
   the (date)_____
   at (place, street, number)_____

--in one of the following methods authorized by article 5—
   ____ (a) in accordance with the provisions of sub-paragraph (a)
        of the first paragraph of article 5 of the Convention*
   ____ (b) in accordance with the following particular method*:
   _____

   ____ ~~(c) by delivery to the addressee, who accepted it voluntarily*~~

The documents referred to in the request have been delivered to:
-- (identity and description of person)_____

-- relationship to addressee (family, business or other):_____

2) that the document has not been served, by reason of the following
facts*:_____
_____
_____
_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is required to pay or reimburse the expenses detailed in the attached statement.*

Annexes

Documents returned:
_____
_____
_____                Done at:            ,the

In appropriate cases, documents
establishing the service:
_____                Signature and/or stamp.
_____

*delete if inappropriate.

# SUMMARY OF THE DOCUMENT TO BE SERVED

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.

(Article 5, fourth paragraph)

**Name and address of the requesting authority:**
Mark D. Hassakis
Hassakis & Hassakis, P.C.
206 South 9th Street
Post Office Box 706
Mt. Vernon, Illinois 62864 USA

**Particulars of the parties\*:**
**T.E.A.M. Logistics Systems, Inc.**
1295 Dickie Settlement Road, #3 & 4
Cambridge, Ontario N3H 4R8
Canada

## JUDICIAL DOCUMENT\*\*

**Nature and purpose of the document:**

To give notice to the defendant of the commencement of a claim for monetary damages against him, and to summons him to serve written defenses to the claim.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**

Civil claim for monetary damages. Plaintiff seeks to have a judgment entered against defendant in a just and equitable way to be determined by the Court of original jurisdiction.

**Date and place for entering appearance\*\*:**

Not applicable (N/A)

**Court which has given judgment\*\*:**

Not applicable (N/A)

**Date of judgment\*\*:**

Not applicable (N/A)

**Time-limits stated in the document\*\*:**

Defendant is to serve written defenses to the action on Plaintiff's attorney within 75 days after receiving the documents

## EXTRAJUDICIAL DOCUMENT\*\*

**Nature and purpose of the document:** Not applicable (N/A)

**Time-limits stated in the document\*\*:** Not applicable (N/A)

If appropriate, identity and address of the person interested in the transmission of the document.
\* Delete if inappropriate.

3

USM-94

STATE OF ILLINOIS

IN THE CIRCUIT COURT OF THE _FIRST_ JUDICIAL CIRCUIT

WILLIAMSON COUNTY

Mary E. Blood, Special Admin. of
the Estate of Paul E. Blood,
Deceased,

vs.

Milinko Cukovic and T.E.AM.
Logistics Systems, Inc., an Ontario
Corporation,

No. 09-L-64

AFFIDAVIT OF SERVICE OF SUMMONS OUTSIDE ILLINOIS

~~State~~ Ontario Canada

County of _____

I, _____ on oath state:

I certify that I am over 21 years of age and not a party to this case; I served the summons and a copy of the complaint upon defendants as follows:

(a)—(Individual defendants — personal):
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.)

_____

_____

(b)—(Individual defendants—abode):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person.)

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Mailing Address | Date of mailing |
|---|---|---|
| | | |
| | | |

IN THE CIRCUIT COURT

FOR THE FIRST JUDICIAL CIRCUIT

WILLIAMSON COUNTY, ILLINOIS

| | |
|---|---|
| MARY E. BLOOD, Special Administrator of the Estate of PAUL E. BLOOD, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 09-L-64 ) |
| MILINKO CUKOVIC and T.E.A.M. LOGISTICS SYSTEMS, INC., an Ontario Business Corp., | ) ) ) ) |
| Defendants. | ) |

**SPECIAL ALIAS SUMMONS**

To defendant: T.E.AM. Logistics Systems, Inc., 1295 Dickie
Settlement Road, #3 & 4, Cambridge, Ontario N3H 4R8
(519) 635-2008

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this Court at the Williamson County Courthouse, in the city of Marion, Illinois, within 75 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the Officer: Process Server

1

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Witness ___7/15/09___

___[signature]___
Clerk of the Circuit Court

By_____
          Deputy

(Seal of Court)

Attorneys for Plaintiff:           Date of Service:_____, __, 20__
HASSAKIS & HASSAKIS, P.C.          (To be inserted by officer on copy
206 South 9th Street                left with defendant or other
Post Office Box 706                 person)
Mt. Vernon, Illinois  62864
(618) 244-5335

2

IN THE CIRCUIT COURT

FOR THE FIRST JUDICIAL CIRCUIT

WILLIAMSON COUNTY, ILLINOIS

FILED

APR 2 0 2009

Stuart Hall
CLERK OF THE CIRCUIT COURT

| | |
|---|---|
| MARY E. BLOOD, Special Administrator of the Estate of PAUL E. BLOOD, Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>MILINKO CUKOVIC and T.E.A.M. LOGISTICS SYSTEMS, INC., an Ontario Business Corp.,<br><br>    Defendants. | No. 09-L-64 |

### COMPLAINT

Now comes the plaintiff, Mary E. Blood, Special Administrator of the Estates of Paul E. Blood, Deceased, by her attorneys, Hassakis & Hassakis, P.C., and for her complaint against the defendants, Milinko Cukovic and T.E.A.M. Logistics Systems, Inc., an Ontario Business Corp., states as follows:

#### Parties

1. Plaintiff, Mary E. Blood, is the duly appointed Special Administrator of the Estate of Paul E. Blood, deceased, and is the authorized and acting representative for said estate.

2. At all times relevant hereto Plaintiff, Mary E. Blood, resided at 308 E. 3rd Street, Post Office Box 56, Ina, Jefferson

1

County, Illinois.

3. That at the time of the occurrence hereinafter referenced, defendant Milinko Cukovic, resided at 510-125 Victoria Street, Kitchner, Ontario, Canada.

4. At the time of the occurrence hereinafter referenced, and prior and subsequent thereto, defendant T.E.A.M. Logistics Systems, Inc., was and still is located at 1295 Dickie Settlement Road, Suite # Unit 3 & 4, Cambridge, Ontario, Canada.

5. At all relevant times hereto defendant T.E.A.M. Logistics Systems, Inc. was the owner of a 2003 Kenworth tractor-trailer that was involved in the incident hereinafter referenced and driven by its employee, defendant Milinko Cukovic.

6. At all relevant times hereto defendant Milinko Cukovic was employed by defendant T.E.A.M. Logistics Systems, Inc. as a driver of its tractor-trailers between the United States and Canada.

### FACTS COMMON TO ALL COUNTS

7. On or about the evening of September 29, 2008 defendant Milinko Cukovic, was driving his employers tractor-trailer northbound on Interstate 57, Williamson County, Illinois, approximately one-half mile north of milepost 59.

8. At said time and place aforesaid plaintiff's decedent, Paul E. Blood, was a passenger in a sports utility vehicle in the

2

northbound lane of Interstate 57, Williamson County, Illinois, one-half mile north of milepost 59.

9. Prior to the occurrence referenced in the Complaint a serious car accident was being cleaned up causing both lanes of northbound traffic to come to a stop.

10. At said time and place aforesaid, defendant Milinko Cukovic, was driving a tractor-trailer owned by his employer, defendant T.E.A.M. Logistics Systems, Inc. and in the course thereof caused said tractor-trailer to strike the vehicle plaintiff's decedent was a passenger in and thereby cause the demise of plaintiff's decedent, Paul E. Blood.

## COUNT I
### (Wrongful Death/Negligence - Milinko Cukovic)

1-11. Plaintiff realleges paragraphs one (1) through (10) of the Complaint as if fully stated herein.

12. At said time and place aforesaid, and at all times relevant, defendant Milinko Cukovic was operating a tractor-trailer owned by the defendant T.E.A.M. Logistics Systems, Inc. and operated his vehicle as hereinafter specified so as a direct and proximate result thereof it forcibly collided with the vehicle that plaintiff's decedent Paul E. Blood was a passenger in and thereby injured said plaintiff.

13. That at said time and place aforesaid, defendant Milinko Cukovic did then and there commit one, more than one, or all of the following negligent acts or omissions:

   (a) Operated his vehicle at a speed which was too fast for conditions in violation of 625 ILCS 5/11-601(a);

   (b) Failed to reduce his speed to avoid a collision in violation of 625 ILCS 5/11-601(a);

   (c) Failed to keep his vehicle under proper control; and

   (d) Failed to keep a proper lookout for other vehicles lawfully upon said interstate.

14. That as a direct and proximate result of one, more than one, or all of the foregoing negligent acts or omissions on the part of defendant Milinko Cukovic, plaintiff's decedent Paul E. Blood died on September 29, 2008.

15. The decedent left the following next of kin:

   (a) Mary E. Blood, surviving spouse, 308 E. 3rd Street, Ina, Illinois;

   (b) Randall E. Blood, surviving adult son, 211 Second Street, Ina, Illinois;

   (c) Debra J. Blood, surviving adult daughter, Post Office Box 61, Ina, Illinois; and

   (d) Karen E. Shaw, surviving adult daughter, 25 Cherry Drive, Mt. Vernon, Illinois.

16. As a direct and proximate result of the death of Paul E.

4

Blood, the next of kin have sustained damages of pecuniary value, including burial expenses, costs, money, love, affection, care, attention, companionship, comfort, guidance and protection.

17. This action is brought pursuant to 740 ILCS 180/1 et seq., commonly known as the Wrongful Death Act.

WHEREFORE, plaintiff, Mary E. Blood, as Special Administrator of the Estate of Paul E. Blood, deceased, prays judgment against defendant Milinko Cukovic in an amount in excess of Fifty Thousand and 00/100ths Dollars ($50,000.00), plus her costs of suit.

### COUNT II
(Wrongful Death/Negligence - T.E.A.M. Logistics Systems, Inc.)

1-18. Plaintiff realleges paragraphs one (1) through seventeen (17) of Count I as if fully stated herein.

19. That at the time and place of the occurrence referenced herein, defendant Milinko Cukovic was an employee of defendant T.E.A.M. Logistics Systems, Inc.

20. At said time and place aforesaid, defendant Milinko Cukovic was operating his tractor-trailer in the scope of his employment with defendant T.E.A.M. Logistics Systems, Inc.

21. At said time and place aforesaid, and at all times relevant, defendant Milinko Cukovic was operating a tractor-trailer owned by the defendant T.E.A.M. Logistics Systems, Inc. and

operated his vehicle as hereinafter specified so that as a direct and proximate result thereof it forcibly collided with the vehicle that plaintiff's decedent, Paul E. Blood, was a passenger therein, and thereby injured said plaintiff, and all as more fully stated hereafter.

22.   That at said time and place aforesaid, defendant T.E.A.M. Logistics Systems, Inc.'s employee did then and there commit one, more than one, or all of the following negligent acts or omissions:

(a) Operated defendant's vehicle at a speed which was too fast for conditions in violation of 625 ILCS 5/11-601(a);

(b) Failed to reduce speeds to avoid a collision in violation of 625 ILCS 5/11-601(a);

(c) Failed to keep defendant's vehicle under proper control; and

(d) Failed to keep a proper lookout for other vehicles lawfully upon said interstate.

23.   That as a direct and proximate result of one, more than one, or all of the foregoing negligent acts or omissions on the part of defendant, T.E.A.M. Logistics Systems, Inc., plaintiff's decedent Paul E. Blood died on September 29, 2008.

24.   The decedent left the following next of kin:

(a) Mary E. Blood, surviving spouse, 308 E. 3rd Street, Ina, Illinois;

(b) Randall E. Blood, surviving adult son, 211 Second

Street, Ina, Illinois;

(c) Debra J. Blood, surviving adult daughter, Post Office Box 61, Ina, Illinois; and

(d) Karen E. Shaw, surviving adult daughter, 25 Cherry Drive, Mt. Vernon, Illinois.

25. As a direct and proximate result of the death of Paul E. Blood, the next of kin have sustained damages of pecuniary value, including burial expenses, costs, money, love, affection, care, attention, companionship, comfort, guidance and protection.

26. This action is brought pursuant to 740 ILCS 180/1 et seq., commonly known as the Wrongful Death Act.

WHEREFORE, plaintiff, Mary E. Blood, as Special Administrator of the Estate of Paul E. Blood, deceased, prays judgment against defendant T.E.A.M. Logistics Systems, Inc., an Ontario Business Corp., in an amount in excess of Fifty Thousand and 00/100ths

HASSAKIS & HASSAKIS, P.C.,
Attorneys for Plaintiff,
MARY E. BLOOD, Special
Administrator of the Estate
of PAUL E. BLOOD, Deceased

By _____
Mark D. Hassakis

7

DEMAND FOR TRIAL BY JURY

Now comes the plaintiff by her attorneys, Hassakis & Hassakis, P.C., and hereby demands a jury trial in the above cause by a jury of twelve persons.

> HASSAKIS & HASSAKIS, P.C.,
> Attorneys for Plaintiff,
> MARY E. BLOOD, Special
> Administrator of the Estate
> of PAUL E. BLOOD, Deceased
>
> By_____
>   Mark D. Hassakis

Attorneys for Plaintiff:
HASSAKIS & HASSAKIS, P.C.
206 South 9th Street
Post Office Box 706
Mt. Vernon, Illinois  62864
(618) 244-5335

IN THE CIRCUIT COURT

FOR THE FIRST JUDICIAL CIRCUIT

WILLIAMSON COUNTY, ILLINOIS

MARY E. BLOOD, Special )
Administrator of the Estate of )
PAUL E. BLOOD, Deceased, )
)
Plaintiff, )
)
vs. ) No. 09-L-_____
)
MILINKO CUKOVIC and T.E.A.M. )
LOGISTICS SYSTEMS, INC., an )
Ontario Business Corp., )
)
Defendants. )

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)

The undersigned, being first duly sworn, under oath, states pursuant to Supreme Court Rule 222(b), after consultation with counsel, that she believes that the money damages involved in this case will exceed $50,000.00.

_Mary E. Blood_
Mary E. Blood, Special
Administrator of the Estate
of Paul E. Blood, Deceased

Subscribed and sworn to before me this 10 day of April, 2009, A.D.

MARK D. HAS-
OFFICIAL
Notary Public, S-
My Commiss:
January 2

Notary Public

9