## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BLOOD and MARY E. BLOOD, )<br>As Special Administrator of the Estate of )<br>Paul E. Blood, Deceased, )<br>   )<br>   Plaintiffs, )<br>   )<br>vs. )<br>   )<br>T.E.A.M LOGISTICS SYSTEMS, INC., )<br>MILINKO CUKOVIC, VH-1 MUSIC )<br>FIRST, 51 MINDS ENTERTAINMENT, )<br>LLC, ENDEMOL USA, INC., DENNIS )<br>HERNANDEZ, and MTV NETWORKS, )<br>   )<br>   Defendants, )<br>   )<br>and )<br>   )<br>T.E.A.M. LOGISTICS SYSTEMS, INC., )<br>and MILINKO CUKOVIC, )<br>   )<br>   Third-Party Plaintiffs, )<br>   )<br>vs. )<br>   )<br>VH-1 MUSIC FIRST, 51 MINDS )<br>ENTERTAINMENT, LLC, ENDEMOL )<br>USA, INC., DENNIS HERNANDEZ, and )<br>MTV NETWORKS, )<br>   )<br>   Third-Party Defendants. ) | CIVIL NO. 09-399-GPM<br><br>Consolidated with Civil No. 09-782-GPM |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

These consolidated cases came before the Court on motions for summary judgment filed

by Third-Party Defendants VH-1 Music First, 51 Minds Entertainment, LLC, Endemol USA, Inc.,

Dennis Hernandez, and MTV Networks. The Court granted the motions during the hearing, with a written order to follow. Before this order issued, Plaintiff David Blood filed a notice of appeal. Then, Third-Party Plaintiffs Milinko Cukovic and T.E.A.M. Logistics Systems, Inc., moved for entry of judgment under Federal Rule of Civil Procedure 54(b). For the following reasons, summary judgment is granted in favor of Third-Party Defendants, and the request for entry of judgment is granted in part and denied in part.

## FACTUAL BACKGROUND

The relevant facts are not disputed. At around 5:00 p.m. on September 26, 2008, Dennis Hernandez was driving a commercial truck southbound on I-57, near West Frankfort, Illinois. He fell asleep and crossed the median from the southbound lane, colliding with vehicles in the northbound lanes. Traffic was stopped in the northbound lanes for hours while the wreckage was cleared. Post-accident testing showed marihuana residue in Hernandez's system.

Four hours later and four and a half miles south on I-57 near Johnston City, Illinois, David Blood stopped at the end of the stalled northbound traffic. Paul Blood was a passenger. While the Blood vehicle was stopped, Milinko Cukovic drove his commercial tractor trailer into the rear of the car, killing Paul Blood and injuring David Blood. David Blood filed suit in state court in Williamson County, Illinois, against Cukovic and his employer, T.E.A.M. Logistics Systems, Inc. (TEAM). Mary Blood, as Special Administrator of the Estate of Paul Blood, also filed suit in state court in Williamson County, Illinois. Both cases were removed to this federal court, and, Cukovic and TEAM filed third party complaints in both cases. On motion of the Third-Party Defendants, the two cases were consolidated. Next, both David Blood and Mary Blood amended their complaints to add the Third-Party Defendants as direct defendants. The Third-Party

Defendants filed a motion for summary judgment, which the Court construes as applicable to all claims asserted against them, arguing that Hernandez's negligence was not a proximate cause of the death of Paul Blood and the injuries to David Blood. David Blood settled his claims against Cukovic and TEAM.

ANALYSIS

The Third-Party Defendants argue that these claims involve two separate accidents, separated by nearly four hours, four and a half miles of highway, and different vehicles. Plaintiffs, Cukovic, and TEAM argue that Hernandez's conduct was so egregious that it was foreseeable that his negligence would cause the later accident and that a jury should be allowed to decide whether his negligence was a proximate cause of the Blood accident.

Plaintiffs rely on the Seventh Circuit Court of Appeals' decision in *Knoblauch v. DEF Express Corporation*, 86 F.3d 684 (7th Cir. 1996), for the proposition that under Illinois law, the trier of fact should be allowed to determine the question of proximate cause in this case. The Court in *Knoblauch* summarized Illinois law on the question and is helpful in that regard; the facts of that case are easily distinguishable from what we have here. In *Knoblauch*, after two tractor trailers collided, one was left in the roadway, where "minutes later" a truck driven by the plaintiff's decedent collided with the truck parked in the traffic lane. Under those facts, the Court of Appeals found that a trier of fact reasonably could conclude that the first collision was a proximate cause of the decedent's death. It further found that a trier of fact reasonably could conclude that the truck that was left in the roadway was operative after the first collision and that its driver breached his duty to the decedent by failing to remove it from the lane of traffic, proximately causing the second collision. 86 F.3d at 685, 691.

A "finding of 'but for' causation (what philosophers call a 'necessary condition') is not a sufficient basis for imposing legal liability." *Movitz v. First Nat'l Bank of Chicago*, 148 F.3d 760, 762 (7th Cir. 1998) (explaining, in a real estate case, that loss causation is a general requirement of tort law); *see also Trident Inv. Mgmt., Inc. v. Amoco Oil Co.*, 194 F.3d 772, 778-79 (7th Cir. 1999) (describing a necessary nexus between the type of duty that was allegedly breached and the source of the damages claimed by the plaintiff). The Court of Appeals recognized in *Knoblauch* that "the determination of proximate cause in the collision context is usually a factual question." 86 F.3d at 689. But here, the Hernandez accident simply was too remote to the injuries suffered by David Blood and the death of Paul Blood to create a factual question. The lapse of time was four hours; the force initiated by the original accident was spent before the second collision occurred; and the act of the intervenor, Cukovic, was unusual and an irregular response because other vehicles had successfully stopped. *See Knoblauch*, 86 F.3d at 687-88, *citing Anderson v. Jones*, 213 N.E.2d 627, 630-31 (Ill. App. Ct. 1966). Allowing liability to attach to Hernandez and the other Third-Party Defendants for the later conduct of Cukovic would create a never ending causal chain. It is not unusual that traffic is stalled on major highways, and the causes are innumerable; negligently caused accidents are included among construction work, mechanical breakdowns, and medical emergencies, to name only a few. Certainly, there are facts under which the wrongdoer causing a first accident may be liable to someone injured in a second accident, as Illinois cases have recognized, but not on these facts.

Consequently, summary judgment is granted in favor of the Third-Party Defendants, in their capacities as third-party and direct defendants. The Court now must consider the motion by Cukovic and TEAM for entry of judgment under Rule 54(b).

As indicated above, David Blood settled his claims with Cukovic and TEAM, and those parties now have filed a stipulation of dismissal of those claims. Under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a stipulation of dismissal filed by all the parties who have appeared in the action is effective immediately upon filing and does not require judicial approval. *See, e.g., Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). This stipulation is not filed by all the parties who have appeared; the claims of the Estate of Paul Blood have not been settled. This leaves the Court with three available options: sever the consolidated cases, enter a Rule 54(b) judgment, or delay the appeal until the Mary (Paul) Blood case is resolved. Under these circumstances, the Court finds that the best option is to sever the actions filed by David Blood and Mary Blood and stay the action brought by Mary Blood pending a decision on David Blood's appeal. Accordingly, this consolidated action is hereby **SEVERED** into the two original actions: the case brought by David Blood bearing civil case number 09-399-GPM and the case brought by Mary E. Blood, as Special Administrator of the Estate of Paul E. Blood, deceased, bearing civil case number 09-782-GPM. The case brought by Mary E. Blood is **STAYED** pending further order of the Court.

CONCLUSION

For the foregoing reasons and for those set forth on the record during the hearing, the motions for summary judgment are **GRANTED**, and all the claims brought against Third-Party Defendants (by Plaintiffs and by Third-Party Plaintiffs) are **DISMISSED with prejudice**. David Blood has settled his claims with the remaining defendants, Cukovic and TEAM, and those parties have stipulated to the dismissal of his claims. The Clerk of Court is **DIRECTED** to enter judgment in David Blood's case, civil number 09-399-GPM. This leaves Mary Blood's claims

against Defendants Cukovic and TEAM pending in civil case number 09-782-GPM; those claims are stayed pending further order of this Court.

**IT IS SO ORDERED.**

DATED: 10/29/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge